CARLIE CHRISTENSEN, United States Attorney (#0633)
RICHARD D. McKELVIE, Assistant United States Attorney (#2205)
CY CASTLE, Assistant United States Attorney (#4808)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 525-5682
richard.mckelvie@usdoj.gov

FILED
U.S. DISTRICT COURT

2011 APR -6  P 3:33

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KELLY DEAN HARVEY, MAHESH KUMAR BISHT and JORGE EDUARDO CAMPOS,<br><br>Defendants. | **SEALED**<br><br>**INDICTMENT**<br><br>VIO: 21 U.S.C. §§ 952, 960, 963, 843(b) [conspiracy to import and importation of ephedrine, unlawful use of a communication facility]; 18 U.S.C. § 1956(a)(1)(B)(i), (a)(2)(A) and (h), [money laundering and conspiracy to commit money laundering].<br><br>Case: 2:11-cr-00275<br>Assigned To : Campbell, Tena<br>Assign. Date : 4/6/2011<br>Description: USA v. |

The Grand Jury charges:

## COUNT 1

Beginning at a time unknown to the Grand Jury, but at least by August 1, 2007, and continuing until the date of this Indictment, in the Central Division of the District of Utah and elsewhere,

KELLY DEAN HARVEY, MAHESH KUMAR BISHT

and JORGE EDUARDO CAMPOS,

1

defendants herein, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit the following offense against the United States:

Importation of ephedrine into the customs territory of the United States, in violation of 21 U.S.C. §§ 952(a) and 960, all in violation of 21 U.S.C. § 963.

## COUNT 2

Beginning at a time unknown to the Grand Jury, but at least by August 1, 2007, and continuing until the date of this Indictment, in the Central Division of the District of Utah and elsewhere,

KELLY DEAN HARVEY, MAHESH KUMAR BISHT

and JORGE EDUARDO CAMPOS,

defendants herein, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit the following offenses against the United States:

(a) to transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

(b) to conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Importation of Ephedrine, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of

the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

all in violation of 18 U.S.C. § 1956(h).

## COUNT 3

On or about January 8, 2008, in the Central Division of the District of Utah and elsewhere,

### KELLY DEAN HARVEY,

defendant herein, did knowingly and intentionally import into the customs territory of the United States from any place outside thereof, ephedrine, all in violation of 21 U.S.C. § 952 and 960.

## COUNT 4

On or about January 9, 2008, in the Central Division of the District of Utah and elsewhere,

### KELLY DEAN HARVEY,

defendant herein, did knowingly transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

## COUNT 5

On or about April 8, 2008, in the Central Division of the District of Utah and elsewhere,

### KELLY DEAN HARVEY and JORGE EDUARDO CAMPOS,

defendants herein, did knowingly and intentionally import into the customs territory of the

United States from any place outside thereof, ephedrine, all in violation of 21 U.S.C. § 952 and 960.

## COUNT 6

On or between July 7, 2008 and July 21, 2008, in the Central Division of the District of Utah and elsewhere,

KELLY DEAN HARVEY and JORGE EDUARDO CAMPOS,

defendants herein, did knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, Importation of Ephedrine, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

## COUNT 7

On or about November 19, 2010, in the Central Division of the District of Utah and elsewhere,

KELLY DEAN HARVEY and MAHESH KUMAR BISHT,

defendants herein, did knowingly and intentionally import into the customs territory of the United States from any place outside thereof, ephedrine, all in violation of 21 U.S.C. § 952 and 960.

## COUNT 8

On or about August 5, 2010, in the Central Division of the District of Utah and

4

elsewhere,

KELLY DEAN HARVEY and MAHESH KUMAR BISHT,

defendants herein, did knowingly transport, transmit and transfer and attempt to transport, transmit and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

COUNT 9

On or about September 1, 2010, in the Central Division of the District of Utah,

KELLY DEAN HARVEY,

defendant herein, did knowingly and intentionally use a communication facility, to wit the United States Mail, to facilitate the commission of the offense of Importation of Ephedrine, a violation of 21 U.S.C. §§ 952 AND 960; all in violation of 21 U.S.C. §843(b).

NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

First Claim for Forfeiture

(21 U.S.C. § 853(a)(1) and (2))

1. The allegations contained in Counts 1, 3, 5, 7 and 9 are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to 21 U.S.C. § 853, upon conviction of an offense amounting to a felony under Title 21, United States Code, including 21 U.S.C. §§ 843(b), 952, 960, and 963, the defendants shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, the offense.

    3. The property to be forfeited includes, but is not limited to, the following:

    a. A money judgment in the amount of $268,000.00;

    b. Funds located in TSN Labs, Inc., Zion's Bank Account #XXXXXXXX2901;

    c. Funds located in TSN Labs, Inc., Zion's Bank Account #XXXXX1002;

    d. Funds located in TSN Labs, LLC, Key Bank Account #XXXXXXXX4675;

    e. Funds located in Novacare, LLC, Bank of American Fork Account #XXXX2365;

    f. Funds located in Novaship, LLC, Zion's Bank Account #XXXXX3356;

    g. Funds located in Novamark, LLC, Zion's Bank Account #XXXXX3216;

    h. Funds located in Kelly & Jennifer Harvey Key Bank Account #XXXXXXXX9036;

    i. Funds located in TSN Labs, LLC, First Bank Account #2000001186; (aka Novacare, LLC)

    j. Funds located in TSN Asset Management, LLC, First Bank Account #XXXXXX1194;

    k. Funds located in TSN Asset Management, LLC, First Bank Account #XXXXXX2673;

    l. [k.] Funds located in Novacare Pharma, Inc., First Bank Account #XXXXXX1202;

    m. [l.] Funds located in Novacare Pharma, Inc., PNC Bank Account #XXXXXX5757;

    n. [m.] Funds located in Princeton Global Solutions, LLC, First Bank Account #XXXXX1178;

    o. [n.] Funds located in Bhaskar & Bhaskar Holding, First Bank Account #XXXXXX1152;

    p. [o.] Funds located in Princeton Global Solutions, LLC, PNC Bank Account #XXXXXX6265.

6

4. If any of the property described above, as result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property of said defendants up to the value of the forfeitable property described above, pursuant to Title 21, United States Code, Section 853(p).

## Second Claim for Forfeiture
## (18 U.S.C. § 982(a)(1)(A))

1. The allegations contained in Counts 2, 4, are 6 are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1)(A).

2. Pursuant to 18 U.S.C. § 982(a)(1)(A), upon conviction of an offense in violation of 18 U.S.C. § 1956, the defendants shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following:

a. A money judgment in the amount of $268,000.00;

b. Funds located in TSN Labs, Inc., Zion's Bank Account #XXXXXXXX2901;

c. Funds located in TSN Labs, Inc., Zion's Bank Account #XXXXX1002;

d. Funds located in TSN Labs, LLC, Key Bank Account #XXXXXXXX4675;

e. Funds located in Novacare, LLC, Bank of American Fork Account #XXXX2365;

f. Funds located in Novaship, LLC, Zion's Bank Account #XXXXX3356;

g. Funds located in Novamark, LLC, Zion's Bank Account #XXXXX3216;

h. Funds located in Kelly & Jennifer Harvey Key Bank Account #XXXXXXXX9036;

i. Funds located in TSN Labs, LLC, First Bank Account #2000001186;

j. Funds located in TSN Asset Management, LLC, First Bank Account #XXXXXX1194;

k. Funds located in TSN Asset Management, LLC, First Bank Account #XXXXXX2673;

l. Funds located in Novacare Pharma, Inc., First Bank Account #XXXXXX1202;

m. Funds located in Novacare Pharma, Inc., PNC Bank Account #XXXXXX5757; (aka Novacore, LLC)

n. Funds located in Princeton Global Solutions, LLC, First Bank Account #XXXXX1178;

o. Funds located in Bhaskar & Bhaskar Holding, First Bank Account #XXXXXX1152;

p. Funds located in Princeton Global Solutions, LLC, PNC Bank Account #XXXXXX6265.

4. If any of the property described above, as result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property of said defendants up to the value of the forfeitable property described above, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

/S/
―――――――――――――――――
FOREPERSON OF THE GRAND JURY

CARLIE CHRISTENSEN
United States Attorney

*[signature]*
―――――――――――――――――
RICHARD D. McKELVIE
Assistant United States Attorney